United States District Court
Eastern District of New York

---

Eric Todd Owens,

        Plaintiff,

-Against-

1. Uber Technologies Inc.
2. Checkr Inc,

        Defendants

**CV-19 5314**

CV. NO ____

Non-Jury Requested

**AZRACK, J.**

**TOMLINSON, M.J.**

---

I Eric Owens, Petitioner in this action residing in the City of Glen Cove, County of Nassau, respectfully submits to the Court this complaint against the above named Defendants for their willful and intentional, malicious acts of denying the Plaintiff employment based on information that was false and made up by the defendants and in violation of the Fair Reporting Act, US Supreme Court decisions, Federal and State laws, Due Process, Civil and Human Rights laws.

Defendant number 1, Uber Technologies has a corporate office located at 636 West 28th St. New York, NY and at 1455 Market Street San Francisco, CA 94103.

Defendant number 2, Checkr Inc. (a consumer report company) has its corporate office located at 1 Montgomery Street San Francisco, CA 94104.

Petitioner respectfully asks this Court to assume Subject Matter and venue Jurisdiction under Diversity of Citizenship for any defendant named in this action that company is in a different state, also pointing out that the Plaintiff request for damages against each defendant exceeds $75,000

I Eric Owens state under the penalty of perjury that the information stated in this complaint is truthful and forthcoming

1. On or about August 2019, Petition needed to earn money having been unemployed, and petitioner applied for a food delivery job with Uber Eats.

2. Petitioner applied for the delivery position using the company's online application process.

3. Petitioner completed the online application and submitted his car insurance and registration and a copy of his NYS driver's license.

4. Petitioner was asked to submit his social security number and driver's license number by Uber Eats so that they can conduct a background check, petitioner was also asked if he agreed to a background check, petitioner agreed.

5. On September 4, 2019, Petitioner received an email from Uber Eats, entitled "Post adverse notice", of which stated that Petitioner's background check was conducted by defendant # 2, and identified defendant 2 as a "consumer reporting agency", and that the petitioner is being denied the employment opportunity based on the "information contained in that consumer report...." of which defendant 1 relied on Petitioner's 2013 attempted burglary conviction.

6. Petitioner is asserting that the information provided by defendant # 2 is erroneous and the language used to describe the criminal conduct is "willfully" misleading, and is in violation of the Fair Reporting Act, NYS Laws governing discrimination protections for individuals with criminal convictions, NYS Human Rights Laws and Petitions Civil Rights.

7. Petitioner points out the language used by the defendants of which are a direct indictment of the criminal act, yet of which are false: "How long ag your criminal activity, not your conviction occurred". Defendant erroneously asserts "6 years".

8. Defendant further states, "Your age when your criminal activity, not your conviction occurred", defendant again erroneously asserts, "45 years old".

Defendant states, "not enough time has passed since the crime occurred."

9. **Petitioner claims that the defendant's assertions were not based on any information received and / or reported by the Criminal Justice System or the Courts, but was based on the defendants own conclusions, and willful inaccurate reporting because had the defendants exercised "Due Diligence" in the background check and offered the Petitioner the opportunity to be heard, they would have discovered that the criminal behavior in which the defendant used to deny the Petitioner employment actually occurred in 2009, Petitioner was not arrested for the crime until 2012 and was convicted by way of guilty plea in 2013.**

10. Petitioner will furnish documentation from NYS Supreme Court, The Legal Aid Society and NYS Corrections and Community Supervision at a later time to support the date the criminal behavior occurred.

11. Petitioner Never received a letter of the report or findings as required by law and was made aware only via email, which was sent directly to Petitioners unsecured inbox as opposed to his secured account in the Uber Eats portal.

12. Defendant assert that they took any rehabilitation of Petitioner into account as prescribed by law.

13. Petitioner asserts that is false, had Petitioner been given the opportunity to explain the circumstances behind the behavior by way of the required "Pre Adverse" and given the opportunity to present any evidence of rehabilitation before the Defendant's made any decision, Defendant would have learned, the behavior occurred in September of 2009, Petitioner was 41 years old at the time, there were "mitigating circumstances" that contributed to the criminal behavior: substance use disorder, and that the Petitioner actually got clean and sober immediately after the 2009 crime (10 years clean and sober at this writing) and when he learned that he was wanted for the crime, Petitioner turned himself in to police at the 71st pct. in Brooklyn in Brooklyn to take responsibility for his criminal behavior, Petitioner was sentenced to the minimum 1/2 to 3 years, was released on parole in 2014, complied with all parole stipulations and was discharged in 2015, since his released he successfully completed the NYS Office of

Substance Abuse Services Training and holds a NYS Certification as a Substance Use Disorder Treatment Professional, Petitioner has worked Per Diem for various nonprofits treating individual with substance use disorder and / or mental illnesses, Petitioner's commitment to the betterment of the community, and his rehabilitation was recognized and after a thorough investigation which included a background check and home visit Petition was accepted into the Prince Hall Free and Accepted Masons and is a Master Mason, Petitioner mentors youth on the dangers of substance use, Petitioner speaks at Universities informing students on the dangers of drug use, Petitioner is active with many community leaders, Clergy and politicians regarding crime, gang and drug prevention / intervention, Petitioner voluntary drives meals to senior citizens in Long Island, (same as delivering an Uber Eats Meal), Petitioner criminal act was nonviolent, did not involve a residence ( a commercial building), Petitioner got married in 2016 and is currently a great father and husband, Petition has letters of reference from employers and copies of email sent by employers regarding his work ethic and character.

17. Petitioner has worked for many nonprofits and had to undergo finger print, a check with the Central registry, a check with the Justice Department and was hired in each instant after being allowed to be heard regarding his pass and present evidence of rehabilitation, within the scope of the employments which involve caring for individual with disabilities and various medical diagnosis, he has been given charge via NYS Office of Mental Health to oversee the proper dispensation of serious medications including opioids to his clients and has done so with integrity, yet do to the willful negligence and discrimination of the defendants, he has been denied the opportunity to deliver a hamburger. There is no rationale within this and Petitioner knows without a shadow of a doubt has the correct information been given and Petitioner given the opportunity to be heard, the decision would have been favorable to the Petitioner.

18. Defendant number 2 violated their own proclamation found in their online ad

## We're on a mission to modernize the background screening industry.

Background screenings are transactions that rely on trust and we believe trust is based on transparency. Consumers deserve more transparency on their rights and the information in their report. Employers deserve more transparency on data, its value and their

responsibilities. Checkr has found the way to balance safety and consumer protection. It is our responsibility to be accurate and help our clients avoid errors.

==Software assisted QA decisions ensuring consistent, anti-discriminatory adjudication taking into account FCRA, EEOC and state-by-state regulations.==

## What is Adverse Action, and why is it important?

In the context of background checks, Adverse Action is any action you take based on the information in a background check report that negatively affects someone's employment. This could mean denying them employment, but can also include denying a promotion or transfer, offering employment in a lesser position, or other negative outcomes.

Because Adverse Action adversely affects consumers (by nature), it is a common area of litigation and compliance risk for you. In fact, the Fair Credit Reporting Act (FCRA) requires that you follow certain procedures if you decline to hire, engage, or promote a candidate on the basis of information contained in a background report.

The Adverse Action workflow is critical because it allows the candidate to raise any concerns about their report, and the FCRA requires that employers/end users (which includes companies that use independent contractors) to follow this stringent process.

Some employers are tempted not to communicate with candidates whom they decline. However, if you don't follow a defined and consistent Adverse Action process, you're opening yourself up to legal risk.

## What's an Adverse Action process?

To stay compliant and avoid the legal action that can come from not properly handling Adverse Actions, you must follow a process that complies with the Fair Credit Reporting Act (FCRA).

Remember that just because a report came back as **consider**, that is not a reason to disqualify a candidate. Build a consistent adjudication process to take into account the nature of the crime (e.g. petty theft vs. assault and battery), when the crime occurred (e.g. 6 months vs. 6 years), and whether the crime is relevant to the job duties that the candidate would be performing.

A compliant Adverse Action process for employment decisions will include the following:

- **Pre-Adverse Action Notice:** Informs the candidate that you are considering not moving forward with the employment process based on information in the background report.
- **Waiting Period:** The FCRA requires a reasonable amount of time (usually 7 calendar days, but some jurisdictions require more) before taking final action, so the candidate has an opportunity to dispute any incorrect or outdated information in the report.
- **Adverse Action Notice (or "Post-Adverse Action Notice"):** Once you have waited the required amount of time – including time required for the resolution of any dispute – you must provide a final notice of your decision if you have decided not to move forward with the candidate.

Petitioner has suffered severe emotional, mental and financial distress as a direct result of the defendant's actions.

Petitioner has also suffered extreme fear regarding the dissemination of his criminal record including the misleading information accompanying it directly to his inbox which can be accessed by hackers.

**Wherefore**: Petitioner seeks 1 Million Dollars in compensatory and punitive damages from each defendant totaling 2 Million Dollars.

Petitioner also seeks that the Court Orders the Defendant to overhaul the hiring process to make it more fair for individuals with prior conviction to be heard first before a decision not hire base on the conviction is heard.

Petitioner seeks any other relief that the Court deems just.

Respectfully Submitted,

*Eric Owens*

Eric Owens, Plaintiff, Pro Se
September, 16, 2019

Eric Owens
48 Kennedy Heights
Glen Cove, NY 11542



RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 17 2019 ★
LONG ISLAND OFFICE

Att; Honorable Clerk of the Court
100 Federal Plaza
Central Islip, NY 11722

Federal Court Eastern
District of New York

